ADAMS, J.

**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | |
|---|---|
| DOUGLAS HABIAN, ) | CASE NO. 1:08CV0593 |
| ) | (1:04CR0390) |
| Petitioner, ) | |
| ) | JUDGE JOHN R. ADAMS |
| v. ) | |
| ) | <u>MEMORANDUM OF OPINION</u> |
| UNITED STATES OF AMERICA, ) | <u>AND ORDER</u> |
| ) | [RESOLVING DOCS. 62 and 63] |
| Respondent. ) | |

This matter is before the Court upon Petitioner *pro se* Douglas Habian's Motion to Vacate, Set Aside or Correct Sentence pursuant to 28 U.S.C. § 2255 (Doc. 62). This action is also before the Court upon the Government's Motion to Dismiss (Doc. 63). For the reasons stated herein, the Government's motion that the petition be dismissed is GRANTED.

## I. <u>BACKGROUND</u>

On October 1, 2004, a jury found Petitioner guilty of being a felon in possession of ammunition, in violation of 18 U.S.C. § 922(g)(1). Petitioner was sentenced to 70 months incarceration on December 2, 2004 and the judgment was entered on December 7, 2004. Petitioner then appealed this judgment to the United States Court of Appeals for the Sixth Circuit. The Sixth Circuit issued a mandate affirming the judgment of the district court on April 10, 2006. Case No. 04-4546.

On March 7, 2008, Petitioner filed the within Motion to Vacate, Set Aside, or Correct Sentence. The Government thereafter filed a Motion to Dismiss. In its motion, the Government

argues that Petitioner's motion is time-barred by the one year statute of limitations applicable to 28 U.S.C. § 2255 motions.

## II. ANALYSIS

28 U.S.C. § 2255(f) provides a one year statute of limitations to file motions to vacate, set aside, or correct sentences. The year begins to run one year after the latest of --

(1) the date on which the judgment of conviction becomes final;

(2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

(3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of diligence.

28 U.S.C. § 2255(f).

As nothing in Petitioner's motion indicates that any of the conditions other than subsection (f)(1) apply, he had one year after his conviction to file his motion. The conviction of a federal criminal defendant becomes final for purposes of 28 U.S.C. § 2255 at the end of the 90-day period in which the defendant may file a certiorari petition to the Supreme Court. *Humphress v. United States*, 398 F.3d 855, 860 (6th Cir.), *cert. denied* 546 U.S. 885 (2005). Here, the Sixth Circuit affirmed the district court's judgment on April 10, 2006. Petitioner's conviction thus became final on July 10, 2006. He then had one year in which to file a motion pursuant to 28 U.S.C. § 2255. Petitioner did not file his Motion to Vacate, Set Aside, or Correct Sentence until March 7, 2008, missing the statutory deadline by approximately eight months.

Petitioner's motion must therefore be dismissed as time-barred pursuant to the statute of limitations set forth in 28 U.S.C. § 2255(f).

### III. CONCLUSION

The Government's Motion to Dismiss (Doc. 63) is GRANTED. Petitioner Douglas Habian's Motion to Vacate, Set Aside or Correct Sentence pursuant to 28 U.S.C. § 2255 (Doc. 62) is DISMISSED.

The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith, and that there is no basis upon which to issue a certificate of appealability. 28 U.S.C. §2253(c); Fed. R. App. P. 22(b).


IT IS SO ORDERED.


| | |
|---|---|
| _July 3, 2008_ | _/s/ John R. Adams_ |
| Date | John R. Adams |
| | U.S. District Judge |